### Mary L. Peasler, Appellee, v. Edith Tenley Norton, Appellant.

### Gen. No. 20,196.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed March 11, 1915.

### Statement of the Case.

Action in assumpsit by Mary L. Peasler against Edith Tenley Norton to recover the sum of $790 claimed to be due for services rendered. The following bill of particulars was filed in the case:

"Bill of particulars: This action is brought to recover, viz: To services performed by plaintiff for defendant, at her request:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

| 1909 )<br>1910 )<br>1911 ) | Fifteen (15) trips to Mr. Trainor's office at Five Dollars ($5.00) per trip | $ 75.00 |
| Dec. )<br>1910 ) | Six (6) days at Galesburg, Illinois at request of defendant, at Twenty-five dollars ($25.00) per day | 150.00 |
| Feb. )<br>1911 )<br>   ) | Fifteen (15) days at Galesburg, Illinois, at request of defendant, at Twenty-five Dollars ($25.00 per day | 375.00 |
| May )<br>1911 )<br>   ) | Six (6) days at Janesville, Wisconsin, at request of defendant, at Twenty-five Dollars ($25.00) per day | 150.00 |
| Mar. )<br>Apr. )<br>May ) | Twenty (20) professional calls 1911) at request of defendant, at Two Dollars ($2.00) per call | 40.00 |

$790.00"

On the trial the plaintiff introduced evidence only as to the following items of the bill of particulars:

| "Ten (10) trips to Mr. Trainor's office at Five Dollars ($5.00) per trip | $ 50.00 |
| Sixteen (16) days at Galesburg, Illinois, at request of defendant, at Twenty-five ($25.00) per day. | 400.00 |
| Four (4) days at Janesville, Wisconsin, at request of defendant, at Twenty-five ($25.00) per day. | 100.00 |
| Fifteen (15) professional calls at request of defendant, at Two Dollars ($2.00) per call. | 30.00 |

$580.00"

All of the above items of the plaintiff's claim were submitted to the jury, although the defendant contended that it was improper to submit the "Galesburg claim" item to the jury for the reason that the alleged contract relating to the same was against public policy and void. On the motion for a new trial, the trial court assumed that the jury by its verdict of $500 allowed the plaintiff $400 for the "Galesburg claim" item and $100 for the "Janesville claim" item and disallowed the other two items of the plaintiff's claim, and the court held that it was error to submit the "Galesburg claim" item to the jury for the reason that the alleged contract between the plaintiff and defendant in reference to the "Galesburg claim" was against public policy and void, and the court stated that if the plaintiff would remit $400 from the amount of the verdict, he would overrule the defendant's motion for a new trial and enter judgment for $100, and over the objection of the defendant, the plaintiff was allowed to enter a remittitur for $400 and thereupon the motion for a new trial was overruled and judgment was entered in favor of the plaintiff for $100, from which defendant appeals.

CHARLES J. TRAINOR, for appellant.

No appearance for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. NEW TRIAL, § 115*—*when denial on remittitur proper.* Where, upon a motion for a new trial after a verdict for plaintiff for somewhat less than the amount of her claim, the trial court *held* that an item of plaintiff's claim had been improperly submitted to the jury, its action in permitting the plaintiff to remit the amount of the objectionable items and thereupon deny a new trial, upon the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXXII 5

assumption that the jury allowed an item properly submitted as well as the improper item, was not erroneous, where from the items of plaintiff's claim and the amount of the verdict the court was able to determine with reasonable certainty what items were included in the verdict.

2. CONTRACTS, § 384*—*when verdict not against weight of evidence.* In an action for services claimed to have been performed under an express contract, a judgment allowing one of the items of plaintiff's claim *held* not against the weight of evidence.